## THE WASHINGTON IRVING.

## THE ELLEN M. RONAN.

(Circuit Court of Appeals, Second Circuit. February 13, 1918.)

### No. 162.

1. COLLISION ⚙102—BARGES IN TOW—FAULT OF TUG.
   A tug, with two barges in tow in the Hudson river, *held* chargeable with contributory fault for a collision between the barges, when the swell from a passing steamer caused the rear barge to jump and pound on the one ahead, on the ground that the tug was negligent in providing worn and insufficient hawsers for the locality, where wave disturbance is usual, and that their parting contributed to the collision.

2. COLLISION ⚙104—CONTRIBUTORY FAULT—BURDEN OF PROOF.
   A towing tug, which at the time of a collision was towing with inferior lines, although its negligence was not the primary cause of the collision, has the burden of proving that it was not a contributing cause.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty for collision by the George M. Morrell Company against the steamer Washington Irving, the Hudson River Day Line, claimant, with the steam tug Ellen M. Ronan, the Cornell Steamboat Company, claimant, impleaded. Decree for libelant against both vessels, and claimant of the Ronan appeals. Affirmed.

Libelant owns the barge Percy, which was the after boat in a tandem tow of two, in charge of the tug Ronan, and bound up the Hudson river. The Percy, as the after boat, was lightly laden; the hawser boat, Conway, was fully loaded. The towing hawsers were 5½-inch rope, and the vessels in tow were fastened close together, with four parts of line, at least two of them of even greater size.

Off Mt. St. Vincent the tow was overtaken by the Washington Irving, a fast river steamer. The tug slowed, and so did the Irving; but the swells and suction of the latter were sufficient to part the starboard towing hawser, and "a half a minute" later the port one went. The jerk of this parting was sufficiently violent to wake up a waterman asleep in the Conway's cabin. Thereupon the boats in tow collided, then jerked apart, and again collided, in such manner as to break three of the four lines between the Conway and Percy, and also "break all the uprights" in the latter's bow; yet the displacement waves did not come on the deck of the Percy, and the Conway's master "couldn't say whether there was any rollers."

The owners of the Percy sued the Irving, which impleaded the Ronan. The trial court found the Irving at fault for causing dangerous swells, and the Ronan negligent in having poor towing hawser; the latter only appealed.

Kirlin, Woolsey & Hickox, of New York City (Robert S. Erskine, of New York City, of counsel), for appellant.

Burlingham, Montgomery & Beecher, of New York City (Charles C. Burlingham and Chauncey I. Clark, both of New York City, of counsel), for appellee Washington Irving.

Pierre M. Brown, of New York City, for appellee Morrell Co.

Before WARD and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

⚙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HOUGH, Circuit Judge (after stating the facts as above). [1] If the displacement waves of the Irving had not disturbed the smooth surface of the river, we cannot doubt that no damage would have occurred, when and where it did. That the action of the passing steamer solely caused the injury, was duly found below; and the only question argued here was whether any fault on the tug's part contributed thereto. Our investigation of the record persuades us that there was evidence tending to support a conclusion of contributory fault on the steamer's part, and (in the absence of argument on any other point) we shall consider further only the question whether the poor hawsers of the Ronan (if they were bad) contributed to injury.

[2] That inferiority and unfitness existed a majority of this court deems fully established, and that such unfitness contributed is a fact deducible from the following considerations: What injured the Percy was jumping and pounding on the boat ahead; keeping a strain on the towing hawser does not always prevent, but minimizes, that conduct of a tow in a seaway; these towing hawsers broke first in swells large enough to cause jumping, and direct evidence shows inferior condition. It is possible that, had the hawsers held, there would have been damage; also that good hawsers might not have held. But towing with worn or inferior lines, in waters where wave disturbance is usual, indicates negligence, and, where damage occurs, requires the negligent one to show that his carelessness did not contribute. This is not and cannot be done here.

Decree affirmed, with interest and costs.